UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORNELIUS BELMER                                                                          PETITIONER

VERSUS                                            CIVIL ACTION NO. 3:18CV471-HTW-RHW

SUPERINTENDENT MARSHAL TURNER                                          RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Cornelius Belmer's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 11, 1996, the Circuit Court of Leake County, Mississippi entered judgment against Belmer following his plea of guilty to charges of armed robbery and kidnapping. Doc. [10-1]. The state court sentenced Belmer to 30 years on the armed robbery charge and 10 years on the kidnapping charge, with the sentences to run concurrently. *Id.* On July 18, 2018, Belmer filed the instant § 2254 petition challenging his conviction and sentence. He raises the following claims: (1) the trial court failed to rule on Belmer's motion for psychiatric examination; (2) trial counsel was ineffective because he failed to invoke procedural and substantive safeguards while representing both Belmer and his co-defendant; (3) the trial court erred by allowing a single court-appointed attorney to represent simultaneously Belmer and his co-defendant without informing them of a potential conflict of interest; (4) the trial court and appointed counsel did not advise Belmer correctly regarding his potential sentence; and (5) the trial court and prosecution breached Belmer's plea bargain agreement.

Belmer previously filed a § 2254 petition on May 2, 2005, challenging precisely the same conviction and sentence that he challenges in the instant petition, albeit raising different claims. *See Belmer v. State of Mississippi et al*, Civil Action No. 3:05cv273-HTW-JCS. United States Magistrate Judge James C. Sumner recommended that Belmer's petition be dismissed with

prejudice, because it was untimely pursuant to the AEDPA's one-year limitation period. Doc. [10-2]. Undaunted, Plaintiff filed the instant petition again challenging his conviction and sentence for armed robbery and kidnapping. Respondent filed a motion to dismiss arguing that Belmer's petition is successive and therefore the Court lacks jurisdiction. Doc. [10]. In the alternative, Respondent argues that Belmer's petition is untimely.

## Law and Analysis

The AEDPA, 28 U.S.C. § 2244(b)(3)(A), states unequivocally that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Section 2244(b)(3)(A) serves as a jurisdictional bar to the district court asserting jurisdiction over any successive habeas petition until the Fifth Circuit has granted the petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A prisoner's application is not second or successive simply because it follows an earlier federal petition. *Id.* A later filed petition is successive when it (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.* at 836-37. In his 38-page response to Respondent's motion to dismiss, Belmer offers no explanation for why the clams raised in the instant petition could not have been raised when he filed his first petition in 2005. He fails to demonstrate why the instant petition should not be construed as an unauthorized attempt to file a successive petition. This Court lacks jurisdiction to consider Belmer's petition without prior authorization from the Fifth Circuit. As such, the petition should be dismissed.

Even if this Court were somehow to assert jurisdiction over Belmer's petition, it is untimely by a wide margin. United States Magistrate Judge Sumner previously found Belmer's

petition filed in 2005 to be untimely. *See* Doc. [10-2]. Nothing has changed in the intervening 13 years. 28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The trial court entered an order of sentencing on January 11, 1996. Doc. [10-1]. Thus, Belmer's conviction became final on February 10, 1996, or 30 days after he was sentenced pursuant to a guilty plea. *See Acker v. State of Mississippi*, 797 So.2d 966 (Miss. 2001). Belmer's conviction and sentence predated the AEDPA's date of enactment; therefore, the AEDPA's one-year time limit did not begin to run until April 24, 1996. *See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002). As noted by Judge Sumner, Belmer did not file any motion for post-conviction relief prior to April 24, 1997. Doc. [10-2] at 4. Accordingly, the one-year time limit was not tolled by a properly filed application for state post-conviction review. *Id.* Belmer's instant § 2254

petition filed on July 18, 2018, is more than 20 years past the AEDPA's one-year time limit for filing a timely petition. Unless Belmer identifies some exception to the limitation period, his petition is time-barred and should be dismissed.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Belmer fails to allege or argue any extraordinary circumstance that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). He does not allege or argue that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing the petition. He simply asserts, with little supporting argument, that the AEDPA should be tolled. *See* Doc. [13] at 1, 5, 8-9. At one point Belmer argues that the trial court failed to rule on his motion for psychiatric exam, which should somehow toll the limitations period. *Id.* at 7-9. He relies on a 1985 United States Supreme Court opinion, *Ake v. Oklahoma*, 470 U.S. 68 (1985). Belmer knew, or should have known, about the trial court's alleged deficiency at the time of his trial. Moreover, the *Ake* decision pre-dated his conviction and sentence by more than a decade. Belmer fails to explain how he diligently pursued his *Ake* claim in the intervening 20 years. To the extent Belmer argues his mental incompetence prevented him filing a timely petition, he has not presented medical records or otherwise made a threshold showing of incompetence to justify equitable tolling. *See Hood v. Sears & Roebuck Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999); *Jones v. Stephens*, 541 Fed.Appx. 499, 505 (5th Cir. 2013); *Barker v. State of Mississippi*, No. 1:07CV112-SA-JAD, 2008 WL 906492 (N.D.Miss. Mar. 20, 2008).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [10] Motion to Dismiss be GRANTED and that Cornelius Belmer's § 2254 petition for writ of habeas corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE